UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IVALEE BROWN,

    Plaintiff,

    -against-

MONTEFIORE HEALTH SYSTEM, INC.,
dba MONTEFIORE MEDICAL CENTER,
MIRIAM PAPPO, CORVEL INC., and
MARY-ANN LATOUR,

    Defendants.

---

Case No. 23-cv-7551 (LAP)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER AND FRE 502(D) AND (E) CLAWBACK AGREEMENT AND ORDER**

WHEREAS, discovery proceedings in the above-captioned action (the "Litigation") may involve the production of documents, data, and other materials, including without limitation metadata ("Documents"), which the parties to the Litigation (the "Parties," each a "Party") in good faith reasonably believe to be confidential and sensitive, or otherwise nonpublic information;

WHEREAS, the Parties to the Litigation request that the Court issue a protective order and an order affording them all rights and protections available under FRE 502(d) and (e), without limitation;

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Litigation,

WHEREAS, the Parties wish to comply with discovery deadlines and complete discovery expeditiously, while ensuring that any legally-recognized claim for evidentiary protections or privileges—including, without limitation, the attorney-client privilege and the work-product doctrine—applicable to any Document that is produced, given, or exchanged, in the course of discovery in this Litigation, including any information contained therein or derived therefrom

1

("Discovery Material"), are not waived by their disclosure, pursuant to Federal Rule of Evidence ("FRE") 502(d) and (e);

WHEREAS, the Parties agree that the same shall be binding against third parties and wish the Court to order the same, pursuant to FRE 502 (d) and (e);

WHEREAS, because the purpose of this [Proposed] Stipulated Confidentiality Agreement and Protective Order and FRE 502(D) and (E) Clawback Agreement and Order (the "Stipulation and Order") is to protect and preserve privileged Discovery Materials, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval;

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c) and pursuant to FRE 502(d) and (e), through their undersigned counsel and subject to the approval of the Court, that this Stipulation and Order—including without limitation the Parties to this Litigation, their representatives, agents, experts and consultants, all third parties providing discovery in this Litigation, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

## A.    CONFIDENTIAL DISCOVERY MATERIALS

1.    **Applicability**. This Order will govern the handling of any Discovery Material by or among any Party or non-Party providing Discovery Material (each a "Producing Party"), and by or among any Party or non-Party receiving such confidential Discovery Material (the "Receiving Party"). Such Discovery Materials may include "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and this Order is intended to meet the requirements of a "qualified protective order" as described in 45 C.F.R. §164.512(e)(1).

2

2.      **"Confidential" Discovery Material**. Any Party or Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such Party or Producing Party in good faith reasonably believes that such Discovery Material contains confidential information, as further explained in Paragraph 4 below. If a document or information is independently obtained from a third party, such document or information need not be treated as "Confidential" by any party, unless that document or information was previously produced under a previous confidentiality agreement and so long as counsel determines reasonably and in good faith that such designation is necessary consistent with Paragraph 4. Any document or information provided or produced by one Party to another Party prior to this Litigation shall not be designated and treated as "Confidential," unless that document or information was previously produced under a previous confidentiality agreement and so long as counsel determines reasonably and in good faith that such designation is necessary consistent with Paragraph 4.

3.      **Manner of Designation**. The designation of Discovery Material as Confidential shall be made in the following manner:

a.      In the case of Discovery Material (apart from depositions): (i) by affixing the legend "Confidential" to such Discovery Material; or (ii) in the case of Documents produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to media containing the Discovery Material (*e.g.*, USB drive, DVD).

b.      In the case of depositions or other pretrial testimony: the Parties may designate portions of deposition testimony as "Confidential" at the time of the deposition or within a reasonable time after receipt of the final transcript by the Parties. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. The Parties may modify this procedure for any

3

particular deposition or other pretrial testimony, through written agreement or agreement on the record at such deposition or testimony, without further order of the Court.

4.     **Good-Faith Basis**. Parties may designate Discovery Material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

5.     **Inadvertent Failure to Designate**. The inadvertent failure to designate Discovery Material as Confidential shall not constitute a waiver of such claim. Such disclosure may be corrected (i) by supplemental written notice designating such Discovery Material as Confidential; or (ii) in a manner consistent with Paragraph 3. Upon receiving such supplemental notice, the Parties shall thereafter treat the Discovery Material so designated as Confidential, and accordingly, such Discovery Material shall be fully subject to this Order, and the Producing Party shall thereafter reproduce the Discovery Material with the correct designation.

6.     **Use of Confidential Discovery Material**. No person subject to this Order, other than the Producing Party, shall disclose Confidential Discovery Material, in whole or in part, to any other person whomsoever, except to:

a.     The Parties to this Litigation, their insurers, and counsel to their insurers; and in the case of a Party that is an entity, the Party's managers, directors, officers, employees, in-house counsel, general partners and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation;

b.     Counsel who represent Parties in this Litigation, including in-house counsel, and

4

any partner, associate, paralegal, secretary, and other assistant or employee who is assisting with, or who are assigned to, the Litigation;

c.      Outside vendors or service providers that counsel hire and assign to this matter, provided that such vendors or service providers have first signed, on behalf of themselves and their employees or assistants, the "Agreement to Be Bound" annexed as Exhibit A hereto;

d.      Any person retained by a Party as an expert or consultant, including his or her employees or assistants, to assist in the prosecution or defense of this Litigation, to the extent deemed necessary by counsel, provided that such person has first signed, on behalf of themselves and their employees or assistants, the "Agreement to Be Bound" annexed as Exhibit A hereto;

e.      Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

f.      The Court, including any appellate court, and persons employed by the Court, and any court reporters, stenographers, and videographers transcribing or recording any hearing or deposition in this Litigation or any appeal therefrom;

g.      Any mediator or arbitrator, including his or her staff, agreed to by the Parties or appointed by the Court in this matter;

h.      Any witness that counsel for a Party in good faith believes may be called to testify at trial or deposition in this Litigation;

i.      Any witness who is called to testify at trial or deposition in this Litigation during the witness' testimony; and

j.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed; provided that such person also first executed the Agreement

5

in the form annexed as Exhibit A hereto.

To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or other pretrial venue, either Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Order.

7.    **Limitation on Use**. All Discovery Material (including Confidential Discovery Material of any Party or Third Party) shall be used solely for purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding that does not arise out of or otherwise relate to this Litigation; provided, however that the foregoing shall not apply to Discovery Material that is or becomes part of the public record through no breach of the Order. Nothing contained in this Order shall be construed to limit any Party's rights to use, in taking depositions or in filing briefs or in any proceeding in this Litigation (including trial), any Confidential Discovery or any filing made under seal; provided, however, that any Confidential Discovery Material set forth in any document, testimony, information, and any sealed filing so used shall not lose its confidentiality status through such use, and its confidentiality status shall be protected in conformance with this Order. Any Party may request that the Court receive designated evidence in camera or under other conditions to prevent disclosure, and any Party may object to such treatment as set forth in Paragraph 9 . Nothing contained in this Order shall prevent or inhibit counsel of record from either complying with ethical obligations to properly advise their respective clients with regard to matters in this Litigation, or rendering legal advice that may rest upon counsel's review of Confidential Discovery Material.

8.    **Filing**. Any document filed with the Court in the Litigation, which discloses,

6

summarizes, describes, characterizes or otherwise communicates Confidential Discovery Material, shall be filed under seal in accordance with the Local Rules of the United States District Court for the Southern and Eastern Districts of New York.

9.    **Challenging Designations**. During the pendency of the Litigation, any Party objecting to the designation of any Discovery Material as Confidential, may at any time prior to the trial of this Litigation serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection to the designation. After making a good-faith effort to resolve any such objection, any Party who objects to the designation may move to address their dispute to the Court in accordance with any applicable Court rules. While such an application is pending, the Discovery Material or testimony in question shall be treated as initially designated by the Producing Party pursuant to this Order.

10.    **Additional Limits on Disclosure**. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this Litigation serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with any applicable Court rules.

11.    **No Admissions by the Parties**. Entering into this Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Order shall not:

a.    Prejudice in any way the rights of any Party to (i) seek production of documents or information they consider subject to discovery, or (ii) object to the production of documents or information they consider not subject to discovery;

7

b.      Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

c.      Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material;

d.      Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material; or (ii) seek a determination by the Court whether any Discovery Material should be, or not be, subject to the terms of this Order;

e.      Prevent any Party from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

12.     **No Restriction on Use of Party's Own Discovery Material**. This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Discovery Material for any purpose outside this Litigation. Nothing herein shall: (i) prevent a Party from disclosing its own Discovery Material, so long as it was legitimately obtained; or (ii) impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Confidential but obtained lawfully by such Party independently of the discovery proceedings in the Litigation, and not otherwise subject to confidentiality restrictions.

13.     **Voluntary Waiver**. This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection in accordance with Section B of this Stipulation and Order.

14.     **Additional Parties**. In the event additional Parties join or are joined in the Litigation, they shall not have access to Confidential Discovery Material until the newly-joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this

8

Order. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order. Any non-Party who is also a Producing Party shall have the benefit of this Order, and shall be entitled to enforce its terms, if such non-Party agrees to be bound hereby.

15.    **Disposition Upon Termination of Litigation**.

a.    Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of the Litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, and subject to paragraphs (d) and (e) below, all persons having received Confidential Discovery, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall either (i) make a good faith and reasonable effort to promptly return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (ii) upon written permission of the Producing Party, destroy any such material and all copies thereof (including summaries and excerpts) and certify to counsel for the opposing party, in writing, that any and all such Confidential has been has been destroyed.

b.    If Confidential Discovery Material is furnished to outside experts or consultants pursuant to Paragraph 6(d), the attorney for the Party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Discovery Material, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the Producing Party or destroyed, and so certifying in writing as provided in sub-part (a) above.

c.    If Confidential Discovery Material has been loaded into any litigation

9

review database, the attorney for the Party using such database shall have the responsibility of ensuring that all such Confidential Discovery Material (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

d.      Outside counsel of record for the Parties shall be entitled to one archival copy of all documents filed with the court, hearing transcripts, correspondence, deposition transcripts and deposition exhibits, expert reports, attorney notes and work product, and consultant and expert work product, even if such materials contain Confidential Material. Such copies shall remain subject to the terms of this Order.

e.      The Parties, counsel of record for the Parties, and experts or consultants for a Party shall not be required to return or to destroy any Confidential Discovery Material to the extent it is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Discovery Material is not returned or destroyed due to the foregoing reasons, it shall remain subject to the confidentiality obligations of this Order.

16.      **Information Security Protections**.

a.      Any person in possession of another party's Confidential Discovery Materials shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats

10

or hazards to the security of such Confidential Discovery Material, and protect against unauthorized access to or use of such Confidential Discovery Material. To the extent a person or party does not have an information security program they may comply with this provision by having the Confidential Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

    b.  If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

    17.  **Restrictions on Use of AI to Process Confidential Discovery Material**.

    Absent notice to and written permission from the Producing Party, which permission shall not be unreasonably withheld or delayed, any person or entity authorized to have access to Confidential Discovery Material under the terms of this Order:

    a.  shall not use or employ any application, service, or analytical software that

11

will transfer, transmit, send, or allow access to Confidential Discovery Material, in whole or in part – including metadata – unless such application, service, or analytical software:

    (i)    does not further transfer the Confidential Discovery Material to another provider, unless the Receiving Party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that Party to comply with its obligations under this Order; and

    (ii)    provides the Receiving Party the ability to remove or delete from the system all Confidential Discovery Material.

    b.    shall not permit any Confidential Discovery Material to be used to train any artificial intelligence tool.

These restrictions apply to the use of advanced or generative AI tools from OpenAI's GPT or ChatGPT, Harvey.AI, Google's Bard, Anthropic's Claude and similar tools or applications.

18.    **Use in Court Proceedings**.

    a.    In the event that any Confidential Discovery Material is used in any court proceeding in the Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use unless such Discovery Material becomes part of the public record. Prior to any Court proceeding in which Confidential Discovery Material or is to be used, Counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material, including filing under seal.

    b.    All persons seeking to file redacted documents or documents under seal with the Court shall follow any applicable Court's rules as well as the applicable provisions of the

Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. The Parties shall use their best efforts to minimize such sealing.

c.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

d.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

19.     **Third Party Requests for Production**. Nothing in this Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so. If the Producing Party timely seeks a protective order, the Party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Discovery Material called for prior to receiving a court order or the consent of the Producing Party.

20.     **Other Proceedings**. By entering this Order and limiting the disclosure of

information in this Litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

21.     **Personally Identifying Information and Protected Health Information.** Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) and/or Protected Health Information ("PHI") as defined and governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and 45 C.F.R. §§ 160.103 and 164.501 and/or any other applicable rule, regulation, or statute, contained in any Discovery Materials exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Order in a manner that is secure and confidential. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII and/or PHI from unauthorized disclosure.

Nothing in this paragraph shall restrict Plaintiff Ivalee Brown or her counsel from accessing, using, retaining, or disclosing her own medical records, workers' compensation documents, SSDI award, or tax/financial records produced in this action.

22.     **Willful Violations.** Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. All persons subject to this Order acknowledge that willful

14

violation of this Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## B.    FRE 502(D) AND (E) CLAWBACK

23.    This Stipulation and Order shall be interpreted to provide the maximum protection allowed by FRE 502(d) and (e). Meaning that:

a.    A Party's legally-recognized claim for evidentiary protections or privileges—including, without limitation, the attorney-client privilege and the work-product doctrine—applicable to any produced, given, or exchanged Discovery Material is not waived by the Discovery Material's disclosure, pursuant to FRE 502(d).

b.    This Stipulation and Order shall be binding on third parties, pursuant to FRE 502(d).

24.    Pursuant to Federal Rule of Evidence 502(d) and (e), the production, exchange, or disclosure of any Discovery Materials subject to a legally-recognized privilege or evidentiary protection ("Protected Discovery Material") by one party ("Producing Party") to another party ("Receiving Party") shall not constitute a waiver of any applicable privilege or protection.

25.    If, during this Litigation, a Party determines that any produced, given, or exchanged Discovery Material by another Party is or may reasonably be Protected Discovery Material:

a.    The Receiving Party shall: (i) refrain from reading the Protected Discovery Material any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Discovery Materials believed to be privileged or protected; (iii) specifically identify the Protected Discovery Materials by Bates number range or hash value; and (iv) within ten (10) days of

15

discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Discovery Materials, along with any notes, abstracts or compilations of the content thereof, including any Protected Discovery Material loaded into a litigation review database. Where such Protected Discovery Materials cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

b.      If the Producing Party intends to assert a claim of privilege or other protection over Discovery Materials identified by the Receiving Party as Protected Discovery Materials, the Producing Party will, within  a reasonable period of time after receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Discovery Materials consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection ("Privilege Log"). If any portion of a Protected Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

26.      If, during this Litigation, a Party determines it has produced Protected Discovery Material:

a.      The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, or it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Discovery Material inadvertently by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a Privilege Log. If any portion

16

of the Protected Discovery Material does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Discovery Material that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

b.      The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Discovery Material and any copies, along with any notes, abstracts or compilations of the content thereof, including Protected Discovery Material loaded into a litigation review database. Where such Protected Discovery Materials cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

27.      If the information contained in Protected Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 25(b) and 26(a), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Discovery Material before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

28.      The Receiving Party's return, sequestering or destruction of Protected Discovery Materials as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

a.      the disclosure or production of the Protected Discovery Materials acts as a waiver of an applicable privilege or evidentiary protection;

17

      b.      the disclosure of the Protected Discovery Materials was not inadvertent;

      c.      the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Discovery Materials; or

      d.      the Producing Party failed to take reasonable or timely steps to rectify the disclosure pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

29.      Any Party may submit Protected Discovery Materials to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Discovery Materials until such claim is resolved. The Receiving Party may not use the Protected Discovery Materials for any purpose absent this Court's order.

30.      Upon a determination by the Court that the Protected Discovery Materials are protected by the applicable privilege or evidentiary protection, and if the Protected Discovery Materials have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Discovery Materials shall be returned or destroyed within 10 (ten) days of the Court's order.

31.      Nothing contained herein is intended to, or shall serve to, limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

32.      Nothing contained herein is intended to or shall serve to preclude a Party from voluntarily and formally waiving any legally-recognized claim for evidentiary protection or privilege.

33.      By operation of the Parties' agreement and Court order, the Parties are specifically

18

afforded the protections of FRE 502 (d) and (e).

## C.    IMMEDIATE EFFECT

34.    The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

| LITTLER MENDELSON, P.C. | THE LAW OFFICE OF TRICIA S. LINDSAY |
|---|---|
| */s/ Vinay D. Patel* | *Tricia Lindsay* |
| Emily C. Haigh | Tricia S. Lindsay |
| ehaigh@littler.com | tricialindsaylaw@gmail.com |
| Vinay D. Patel | The Law Office of Tricia S. Lindsay |
| vpatel@littler.com | 531 E. Lincoln Ave., Ste. 5B |
| LITTLER MENDELSON, P.C. | Mount Vernon, NY 10552 |
| 900 Third Avenue | Telphone: 347.386.4604; 914.668.4908 |
| New York, New York 10022.3298 | Facsimile: 914.840.1196 |
| Telephone: 212.583.9600 | |
| Facsimile: 212.832.2719 | |

*Attorneys for Defendants*
*Montefiore Health System, Inc.,*
*and Miriam Pappo*

*Attorney for Plaintiff*
*Ivalee Brown*

Dated: April 7, 2026
     New York, New York

Dated: April 7, 2026
     Mount Vernon, New York

**IT IS SO ORDERED.**

Dated: _April 13, 2026_

_____
Loretta A. Preska, U.S.D.J.